# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JASMIN JONES** | : |
| 1880 Lampson Road | : |
| Cleveland, OH 44112 | : |
| | : |
| Plaintiff, | : CASE NO. 1:24-cv-1437 |
| | : |
| v. | : JUDGE |
| | : |
| | : MAGISTRATE JUDGE |
| | : |
| **TOPGOLF USA CL, LLC** | : |
| 5820 Rockside Woods Blvd N | : |
| Independence, OH 44131 | : |
| | : **Jury Demand Endorsed Herein** |
| Defendant. | : |
| | : |

## COMPLAINT

NOW COMES Plaintiff Jasmin Jones ("Plaintiff") and proffers this Complaint for damages against Defendant Topgolf USA CL, LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Cuyahoga County, Ohio.

2. Defendant is a foreign limited liability company doing business in the Northern District of Ohio.

3. Plaintiff was an "employee" of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq.* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and the laws of the State of Ohio. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

7. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A."

## FACTUAL BACKGROUND

8. Plaintiff was hired by Defendant on or around September 14, 2023

9. Plaintiff was employed as a culinary crew member

10. During her time with Defendant, Plaintiff's performance and disciplinary record was devoid of any significant concerns.

11. On or around September 22, 2023, Plaintiff was sexually harassed and sexually assaulted by kitchen manager, Deveron Herrick.

12. Mr. Herrick had supervisory authority over Plaintiff.

13. Plaintiff and Mr. Herrick did not have any prior relationship.

14. On September 22, while bending over to through away food, Mr. Herrick grabbed and squeezed Plaintiff's butt.

15. Plaintiff was shocked and caught off guard, so she turned around to see who had groped her.

16. Mr. Herrick sarcastically said, "Oh, my bad" and walked away.

17. In shock, Plaintiff did not respond and removed herself from that location of the kitchen.

18. Later in that same shift, while Plaintiff was standing at the pantry preparing tacos, Mr. Herrick again found Plaintiff.

19. This time, Mr. Herrick stood directly behind Plaintiff with his crotch pushed against Plaintiff's butt, and he rubbed his hands along the side of Plaintiff's butt and thigh area.

20. Plaintiff jumped in shock and moved out of the way.

21. After Mr. Herrick grabbed an item from the cooler, he said to Plaintiff, "you need to control where that ass jiggles and moves."

22. Plaintiff did not respond.

23. Plaintiff left her workstation to calm herself down.

24. When Plaintiff returned to her workstation, Mr. Herrick assaulted Plaintiff for a third time by grabbing her left butt cheek, which included the underside of her butt and her vagina.

25. Plaintiff was so humiliated that she again left her workstation to get fresh air and try to cool herself off.

26. Multiple witnesses saw each incident of harassment.

27. Mr. Herrick explained to Plaintiff that he was best friends with managers, Linda Hernandez and Brian LNU, and he said "I run this kitchen."

28. Mr. Herrick warned Plaintiff that any report she made would be futile.

29. On September 23, 2023, after hearing from multiple witnesses, Chef Anthony Brown reported the assault and harassment of Plaintiff by Mr. Herrick to human resources.

30. When Plaintiff arrived to work that day, she provided a written statement of the harassment to Mr. Brown.

31. She also gave a verbal statement of the incidents over the phone to HR Representative, Brie Codeus.

32. Multiple employees approached Plaintiff and informed her that this was not the first time that Mr. Herrick had sexually harassed a female employee and used the line "my family runs this place" to try to prevent a report.

33. Ms. Hernandez was not working on September 23.

34. Nonetheless, after Plaintiff arrived to work, Ms. Hernandez drove to the facility for the purpose of telling Plaintiff not to write a statement about the incidents with Mr. Herrick and not to report the incidents to HR.

35. Ms. Hernandez said not to write a statement or report the incidents to HR because Mr. Herrick was like "family" to her.

36. Plaintiff informed Ms. Hernandez that she had already submitted a written statement and verbally reported the incidents to HR.

37. After Ms. Hernandez heard of Plaintiff's reports, Ms. Hernandez began retaliating against Plaintiff by significantly reducing her hours and acting with an unusual and disrespectful attitude towards Plaintiff.

38. Plaintiff's hours were reduced from about 40 hours per week to less than 15 hours per week.

39. On or around October 11, 2023, after Plaintiff noticed that she was entirely removed from the schedule, and she asked Ms. Hernandez why she was no longer on the schedule.

40. Ms. Hernandez responded by saying effectively, "there is nothing that I can do," "it is out of my hands," and "I told you not to write a statement."

41. Ms. Hernandez laughed and walked away.

42. Multiple employees heard this conversation, including Tammy Labonte.

43. Plaintiff was terminated.

44. Plaintiff asked for termination paperwork, but Ms. Hernandez refused to provide any.

## COUNT I – Title VII
**Sexual Harassment: Hostile Work Environment and Termination**

45. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

46. Defendant engaged in conduct that violates Title VII of the Civil Rights Act of 1964 by sexually harassing Plaintiff, and by creating and encouraging a hostile work environment for Plaintiff.

47. The harassment of Plaintiff by Mr. Herrick was unwelcome, which was indicated by Plaintiff based on her report and continued opposition.

48. The harassment was based on Plaintiff's sex, as Mr. Herrick physically and sexually assaulted and harassed Plaintiff.

49. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of employment.

50. Defendant knew or should have known of the harassment yet did not take immediate and corrective action.

51. As a result of the hostile work environment described herein, Plaintiff was terminated from her employment.

52. Defendant's actions made Plaintiff's working conditions so intolerable that a reasonable person under the circumstances would have not been able to endure the environment.

53. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress, loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

54. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II – Ohio Civil Rights Act
### Sexual Harassment: Hostile Work Environment and Termination

55. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

56. Defendant engaged in conduct that violates R.C. § 4112 prohibiting sex discrimination by sexually harassing Plaintiff and by creating and encouraging a hostile work environment for Plaintiff.

57. The harassment of Plaintiff by Mr. Herrick was unwelcome, which was indicated by Plaintiff based on her report and continued opposition.

58. The harassment was based on Plaintiff's sex, as Mr. Herrick physically and sexually assaulted and harassed Plaintiff.

59. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of employment.

60. Defendant knew or should have known of the harassment yet did not take immediate and corrective action.

61. As a result of the hostile work environment described herein, Plaintiff was terminated from her employment.

62. Defendant's actions made Plaintiff's working conditions so intolerable that a reasonable person under the circumstances would have not been able to endure the environment.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, serious emotional distress, loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

64. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III – Title VII
### Retaliation

65. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

66. Plaintiff engaged in a protected activity by, inter alia, opposing and reporting sexual harassment.

67. Defendant was aware that Plaintiff engaged in a protected activity, as she addressed concerns of sexual harassment and retaliation with Defendant's management and human resources.

68. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by directly interfering with the terms and conditions of her employment.

69. Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

70. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering, lost benefits, and other terms, privileges, and conditions of his employment for which Defendant is liable.

71. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT IV – Ohio Civil Rights Act
### Retaliation

72. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

73. Plaintiff engaged in a protected activity by, inter alia, opposing and reporting sexual harassment.

74. Defendant was aware that Plaintiff engaged in a protected activity, as she addressed concerns of sexual harassment and retaliation with Defendant's management and human resources.

75. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by directly interfering with the terms and conditions of her employment.

76. Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

77. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering, lost benefits, and other terms, privileges, and conditions of his employment for which Defendant is liable.

78. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT V
### Negligent Retention/Supervision/Hiring

79. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

80. Defendant had a duty to prevent the conduct described herein by exercising reasonable care to avoid employing an incompetent employee. Sexually harassing behavior, assault, and battery are per se incompetent behavior.

81. Mr. Herrick was employed by Defendant and was engaging in incompetent behavior, the sexual and physical harassment of Plaintiff.

82. Mr. Herrick also committed the torts of assault and battery of Plaintiff.

83. Plaintiff's injuries were foreseeable to Defendant, and Defendant had constructive and actual knowledge of Mr. Herrick's incompetent behavior.

84. Upon information and belief, Defendant was aware of Mr. Herrick's history of sexual harassment and assault against other female staff members.

85. Defendant continued to employ Mr. Herrick and placed Plaintiff under his supervision, despite Defendant's knowledge of Mr. Herrick's history of sexual harassment and assault, thereby breaching its duty to protect Plaintiff from foreseeable injury, namely Mr. Herrick's harassment and assault.

86. But for Defendant's failure to protect Plaintiff from Mr. Herrick's harassment and assault, Mr. Herrick's harassment and assault would not have occurred.

87. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful negligence, including costs, expert's fees and attorney's fees.

## COUNT VI
### Negligent Infliction of Emotional Distress

88. Plaintiff reasserts and reincorporates each and every allegation in the preceding paragraphs as if fully rewritten herein.

89. Defendant's negligence caused Plaintiff to be placed in actual physical peril because she was physically and sexually assaulted and battered by Mr. Herrick.

90. Plaintiff's injuries and emotional distress were foreseeable to Defendant, and Defendant had constructive and actual knowledge of Mr. Herrick's history of sexual harassment and assault.

91. But for Defendant's negligence, Plaintiff would not have been placed in actual physical peril.

92. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered pain, loss of reputation, humiliation, embarrassment, loss of self-esteem, other emotional distress, adverse health, and great mental anguish.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, interest, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*

        Rachel Sabo Friedmann (0089226)
*Rachel@thefriedmannfirm.com*
Dominick A. Kocak (0102165)
*Dominick@thefriedmannfirm.com*
**The Friedmann Firm LLC**
**(614) 610-9757**
3740 Ridge Mill Dr.
Hilliard, Ohio 43026

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

        /s/ *Rachel Sabo Friedmann*
        Rachel Sabo Friedmann (0089226)